RECEIPT NUMBER
510183    Exh. A-B    ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE WILLIAMSON,

    Plaintiff,

vs.

B.G. DILWORTH,

    Defendant.

JUDGE : Battani, Marianne O.
DECK : S. Division Civil Deck
DATE : 07/08/2004 @ 14:09:41
CASE NUMBER : 5:04CV60129
CMP MARIANNE WILLIAMSON V B G DILWORTH (DQH)

MAGISTRATE JUDGE VIRGINIA M. MORGAN

---

| | |
|---|---|
| JAFFE, RAITT, HEUER & WEISS, P.C.<br>By:  R. Christopher Cataldo (P 39353)<br>Attorneys for Plaintiff<br>One Woodward Ave., Ste. 2400<br>Detroit, Michigan 48226<br>(313) 961-8380 | ABBOTT NICHOLSON QUILTER<br>ESSHAKI & YOUNGBLOOD, P.C.<br>By:  Daniel G. Kielczewski (P 42875)<br>Attorneys for Defendant<br>300 River Place, Suite 3000<br>Detroit, Michigan 48207-4225<br>(313) 566-2500 |

## NOTICE OF REMOVAL

    NOW COMES Defendant, B.G. DILWORTH, by and through his counsel, ABBOTT NICHOLSON QUILTER ESSHAKI & YOUNGBLOOD, P.C., who files this Notice of Removal based on the following:

    1.    Plaintiff, MARIANNE WILLIAMSON, filed this action in the Circuit Court for the County of Wayne, State of Michigan, on April 2, 2004, as Case No. 04-409971 CZ, where it is now pending.

    2.    Notice of Plaintiff's Summons and Complaint was received by Defendant, on June 10, 2004, via communication from his New York counsel. Defendant was not directly served with the Summons and Complaint.

3. This Notice of Removal is filed by Defendant B.G. Dilworth within thirty (30) days of service of the Summons and Complaint in accordance with the provisions of 28 U.S.C. § 1446. Defendant B.G. Dilworth shall file his response to the Complaint in accordance with Fed. R. Civ. P. 81(c).

4. Plaintiff, according to her Complaint, is a resident of the state of Michigan.

5. Defendant B.G. Dilworth is a resident of the state of New York.

6. Plaintiff has alleged in the Complaint damages in excess of $1 million, exclusive of interest and costs.

7. Because there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, this Court has jurisdiction under 28 U.S.C. § 1332.

8. Notice of this Removal has been served on counsel for Plaintiff and on the Clerk of the Court, Wayne County Circuit Court.

9. Attached are copies of the following documents filed in the Wayne County Circuit Court: Complaint filed by Plaintiff (Exhibit A); Notice of Filing Notice of Removal served on counsel for Plaintiff (Exhibit B).

WHEREFORE, Defendant B.G. Dilworth prays that Civil Action No. 04-409971 CZ, pending in the Circuit Court for the County of Wayne (Michigan) be removed to the United States District Court for the Eastern District of Michigan, Southern Division.

Dated: July 8, 2004

Respectfully submitted,

ABBOTT NICHOLSON QUILTER
ESSHAKI & YOUNGBLOOD, P.C.

By: *Daniel A. Kielczewski*
Daniel G. Kielczewski (P 42875)
Attorneys for Defendant
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
(313) 566-2500

177963:1

3



STATE OF MICHIGAN

JURY FEE PAID
THIS DATE:

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARIANNE WILLIAMSON,

    Plaintiff,

v

B.G. DILWORTH,

    Defendant.

04-409971 CZ 4/02/2004
JDG: LOUIS F SIMMONS JR
WILLIAMSON MARIANNE
VS
DILWORTH B G

_____/

R. Christopher Cataldo P39353
Jaffe, Raitt, Heuer & Weiss, PC
Attorney for Plaintiff
One Woodward Ave., Ste. 2400
Detroit, MI 48226
(313) 961-8380

_____/

## COMPLAINT AND JURY DEMAND

*[There is no other pending or resolved civil action between these two parties arising out of the same transaction or occurrence as alleged in the complaint.]*

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
APR 0 2 2004
BY _____

Plaintiff Marianne Williamson, through her undersigned counsel, complains as follows against Defendant B.G. Dilworth as follows:

1. Plaintiff Marianne Williamson ("Williamson") is an individual residing in Wayne County, Michigan.

2. Defendant B.G. Dilworth ("Dilworth") is an individual residing in the state of New York.

3. Dilworth is subject to personal jurisdiction in Michigan pursuant to MCL 600.705 et. seq. as he regularly and systematically conducts and transacts business within the state of Michigan, and because he has caused acts and events to occur

0980381.01

1

which have caused tortious and other economic injuries to persons located in the state of Michigan.

4. The amount in controversy exceeds $25,000 exclusive of interest and costs. Venue is proper in this Court.

5. Williamson is an author who retained Authors & Artists Group, Inc. ("AA") and its principals, Al Lowman ("Lowman") and Dillworth, as her literary agents to represent her in connection with her contracts with various publishers. In connection therewith, AA was to retain no more than 15% of Plaintiff's royalties as their payment in full for services rendered on behalf of Williamson. Pursuant to this agreement, AA began collecting royalties on Williamson's behalf from various publishers. Defendant Dillworth is an employee, agent, and principal of AA who was extensively involved with her account as well as the operations and finances of AA, as he ran the business for extended periods, such as when Lowman was away.

6. Unbeknownst to Williamson, AA received numerous royalty payments from various publishers on her behalf and converted for themselves the proceeds of 100% of those payments and failed or refused to remit payments to Williamson the 85% balance that she was to receive. Defendant Dillworth played an active role in this plan and scheme to defraud Plaintiff to such an extent that it could not have been accomplished without him. Dillworth and AA fraudulently concealed their activities. Not only did Dillworth and AA fail to disclose the royalty payments to Williamson, they also lied to her accountant about them, telling her that they had received no royalty payments from publishers, when in fact they were receiving substantial payments.

0980381.01

2

7. Dilworth aided and facilitated AA's conversion and diversion of her funds, which was done intentionally and deliberately with the express purpose of defrauding Williamson by denying her possession of her rightful property and money so that AA could convert it to its own use. Dilworth actively and/or passively worked to divert these funds for the benefit of Lowman and AA, who could not have accomplished their scheme without him. The amount of the theft exceeds $1 million.

8. Williamson recently discovered the theft by chance. Despite demand, AA failed or refused to pay Williamson the amount full amount owed, although one partial payment has been made by AA. However, as of this date, Williamson is still owed in excess of $1 million due to Dilworth's participation in the fraud.

## COUNT I

9. Paragraphs 1 through 8 are incorporated by reference.

10. Dilworth represented Williamson in an agency capacity, and as such owed to her the duty of loyalty and disclosure of a fiduciary.

11. In violation of his fiduciary duty, the Defendant has defrauded Williamson by knowingly, intentionally and fraudulently retaining for AA the funds collected on Williamson's behalf which Dilworth knew or should have known should have been paid to Williamson.

12. Dilworth further violated his fiduciary duties to Williamson by failing to disclose his activities, and by lying to her and her accountant for the purpose of concealing his and AA's actions from her.

0980381.01

3

13. Williamson has been damaged by the Defendants' breach of fiduciary duty by an amount in excess of $1,000,000, plus interest, costs and attorney fees, or such other amount as determined at trial.

### COUNT II

14. Paragraphs 1 through 13 are incorporated by reference.

15. Dilworth's conduct as described above constitutes fraud. Dilworth has committed fraud for the purpose of enriching AA at Williamson's expense.

16. As a result of the Defendant's fraudulent acts, Williamson has been damaged by an amount in excess of $1 million.

### COUNT III

17. Paragraphs 1 through 16 are incorporated by reference.

18. Dilworth's conduct as described above constitutes a breach of contract.

19. Williamson has been damaged by the breach of contract by an amount exceeding $1 million.

### COUNT IV

20. Paragraphs 1 through 19 are incorporated by reference.

21. Defendant Dilworth aided, facilitated and knowingly cooperated with Lowman and AA to exercise unauthorized dominion and control over the property of Williamson.

22. Lowman and AA have converted the property of Williamson by refusing to return her property upon demand.

23. Defendant Dilworth is liable for statutory and common law conversion for his role in facilitating the conversion committed by Lowman and AA, and is liable for

0980381.01

4

three times the actual damages incurred by Williamson as a result of their conversion of her property by statute.

WHEREFORE, Williamson requests the following relief:

A) The entry of a money judgment in her favor and against the Defendant in such amount as determined at trial exceeding $1,000,000, or such other amount as is determined, plus an award of interest, costs and attorney fees; and

B) An award of three times actual damages against Defendant, plus interest, costs and attorney fees; and

C) An award of exemplary damages against Defendant due to the outrageous nature of the conduct; and

D) Such other relief in Williamson's favor to which she is entitled at law or in equity.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Respectfully Submitted,

R. Christopher Cataldo  P39353
Jaffe, Raitt, Heuer & Weiss, PC
Attorney for Plaintiff
One Woodward Ave., Ste. 2400
Detroit, MI 48226
(313) 961-8380

Dated: April 2, 2004

0980381.01

5



## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MARIANNE WILLIAMSON,

        Plaintiff,

vs.

Case No. 04-409971 CZ
Hon. Louis F. Simmons, Jr.

B.G. DILWORTH,

        Defendant.

_____/

| JAFFE, RAITT, HEUER & WEISS, P.C. | ABBOTT NICHOLSON QUILTER |
|---|---|
| By:   R. Christopher Cataldo (P 39353) |   ESSHAKI & YOUNGBLOOD, P.C. |
| Attorneys for Plaintiff | By:   Daniel G. Kielczewski (P 42875) |
| One Woodward Ave., Ste. 2400 | Attorneys for Defendant |
| Detroit, Michigan 48226 | 300 River Place, Suite 3000 |
| (313) 961-8380 | Detroit, Michigan 48207-4225 |
|  | (313) 566-2500 |

_____/

### NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that B.G. DILWORTH, Defendant in the above-captioned matter, has this date filed a Notice of Removal in the United States District Court for the Eastern District of Michigan, Southern Division, thereby removing the above-captioned matter to said Court. A copy of the Notice of Removal and Affidavit of Service are attached hereto as Exhibit A.

Dated: July _8_, 2004

Respectfully submitted,

ABBOTT NICHOLSON QUILTER
ESSHAKI & YOUNGBLOOD, P.C.

By: _____
Daniel G. Kielczewski (P 42875)
Attorneys for Defendant
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
(313) 566-2500

177963:2

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE WILLIAMSON,

    Plaintiff,

vs.

B.G. DILWORTH,

    Defendant.

JUDGE : Battani, Marianne O.
DECK  : S. Division Civil Deck
DATE  : 07/08/2004 @ 14:09:41
CASE NUMBER : 5:04CV60129
CMP MARIANNE WILLIAMSON V B G
DILWORTH (DQH)

MAGISTRATE JUDGE VIRGINIA M. MORGAN

---

JAFFE, RAITT, HEUER & WEISS, P.C.
By:   R. Christopher Cataldo (P 39353)
Attorneys for Plaintiff
One Woodward Ave., Ste. 2400
Detroit, Michigan 48226
(313) 961-8380

ABBOTT NICHOLSON QUILTER
ESSHAKI & YOUNGBLOOD, P.C.
By:   Daniel G. Kielczewski (P 42875)
Attorneys for Defendant
300 River Place, Suite 3000
Detroit, Michigan 48207-4225
(313) 566-2500

---

### DECLARATION OF SERVICE

Daniel G. Kielczewski declares and says that he is not a party to the above-entitled action and that on the _____8th_____ day of July, 2004, he served a copy of the attached *Notice of Removal*, and this *Declaration of Service* upon:

    R. Christopher Cataldo, Esq.
    JAFFE, RAITT, HEUER & WEISS, P.C.
    One Woodward Ave., Ste. 2400
    Detroit, Michigan 48226

by placing said documents in properly-addressed envelopes, first class mail, and having same deposited in the receptacle for United States Mail.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 8, 2004.

                                              _____
                                              Daniel G. Kielczewski

177963:3

60129  Battan/vmm  ORIGINAL

| JS 44 11/99 | **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: New York |
|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**
Marianne Williamson

**DEFENDANTS**
B.G. Dilworth

04-60129
JUDGE MARIANNE O. BATTANI
MAGISTRATE JUDGE VIRGINIA M. MORGAN

(b) County of Residence of First Listed: Wayne  26163

(C) Attorney's (Firm Name, Address, and Telephone Number)
R. Christopher Cataldo (P 39353)
One Woodward Ave., Suite 2400
Detroit, Michigan 48226

Attorneys (If Known)
Daniel G. Kielczewski (P 42875)
300 River Place, Suite 3000
Detroit, Michigan 48207-4225

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel And Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** [X] 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 893 Environmental Matters |
| | ☐ 365 Personal Injury - Product Liability | | ☐ 740 Railway Labor Act | ☐ 894 Energy Allocation Act |
| | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 871 IRS-Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | |

3 7 0

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Court has jurisdiction pursuant to 28 USC § 1332.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  $DEMAND  CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY:** (See Instructions): JUDGE  DOCKET NUMBER

DATE 7/8/04  SIGNATURE OF ATTORNEY OF RECORD  Daniel S. K____ (P42875)

1. Is this a case that has been previously discontinued or dismissed?  ☐ YES  ☒ NO

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ YES  ☒ NO

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes: